IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CIVIL DIVISION

BRIDGET COCHRAN,                                        CASE NO.:  22-001821-CI

      Plaintiff,

vs.

HOME DEPOT U.S.A., INC., a Foreign
Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIDGET COCHRAN, by and through her undersigned counsel, hereby

sues the Defendant, HOME DEPOT U.S.A., INC., and alleges:

## GENERAL ALLEGATIONS

1.    This is an action for damages in excess of THIRTY THOUSAND DOLLARS

($30,000.00), exclusive of interest, costs and attorney's fees.

2.    At all times material to this cause of action, Plaintiff, BRIDGET COCHRAN, was

a resident of St. Petersburg, Pinellas County, Florida.

3.    At all times material to this cause of action, Defendant, HOME DEPOT U.S.A.,

INC., was a foreign corporation, licensed to do business in Pinellas County, Florida.

4.    On or about July 30, 2020, Defendant, HOME DEPOT U.S.A., INC., owned,

operated and maintained a store known as The Home Depot, which was located at 2300 22nd

Avenue North, St. Petersburg, Pinellas County, Florida.

5.    At all times material to this cause of action, Plaintiff, BRIDGET COCHRAN, was a business invitee of The Home Depot, which was located at 2300 22nd Avenue North, St. Petersburg, Pinellas County, Florida, which is owned, operated and maintained by Defendant, HOME DEPOT U.S.A., INC.

6.    On July 30, 2020, while an invitee of the premises, Plaintiff slipped on water that had accumulated on the floor of the store, which resulted in serious injuries.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT, HOME DEPOT U.S.A., INC.

7.    Plaintiff, BRIDGET COCHRAN, realleges and incorporates herein all the allegations contained in paragraphs 1 through 6 above as though fully set forth herein.

8.    On or about July 30, 2020, Plaintiff, BRIDGET COCHRAN, was a business invitee on the premises owned and/or controlled by the Defendant, HOME DEPOT U.S.A., INC.

9.    At the aforesaid time, Defendant, HOME DEPOT U.S.A., INC., negligently and carelessly maintained the premises by allowing water to accumulate on the floor of the store.

10.   Defendant, HOME DEPOT U.S.A., INC., owed a non-delegable duty to Plaintiff to maintain said premises in a reasonably safe condition, and to warn Plaintiff of any dangers or hazards which existed.

11.   Defendant, HOME DEPOT U.S.A., INC., had a non-delegable duty to ensure that any area on the premises was kept in a reasonably safe condition.

12.   Defendant, HOME DEPOT U.S.A., INC., breached its non-delegable duty to the Plaintiff by permitting water to accumulate on the floor of the store.

13.     The unsafe condition of the floor of the store was known to Defendant, HOME DEPOT U.S.A., INC., or had existed for a sufficient length of time so that the Defendant should have known of it.

14.     Defendant, HOME DEPOT U.S.A., INC., was negligent in the following respects:

    a.   Defendant had actual or constructive knowledge of the dangerous condition and took no action to remedy it;

    b.   Allowing the premises to exist in a hazardous and dangerous state;

    c.   Allowing water to accumulate on the floor of the store;

    d.   Failing to properly warn its invitees of the dangerous condition;

    e.   Failing in its duty to have a reasonably safe mode of operation in the maintenance of its premises so as to avoid dangers to invitees who use their premises; and

    f.   Failing to provide a non-skid surface of the premises.

15.     As a direct and proximate result of Defendant, HOME DEPOT U.S.A., INC.'s, negligence, Plaintiff, BRIDGET COCHRAN, was injured and suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, BRIDGET COCHRAN, demands judgment for damages from Defendant, HOME DEPOT U.S.A., INC., in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), together with interest and costs, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons, Interrogatories, Request for Production and Request for Admissions as of the date so indicated on the corresponding Return of Service.

/s/ Matthew L. Wilson
**MATTHEW L. WILSON, ESQUIRE**
Florida Bar No.: 86819
**WILSON REEDER & ZUDAR, P.A.**
6507 Gunn Highway
Tampa, Florida 33625
Telephone:    (813) 575-4100
Facsimile:    (813) 575-3801
Primary e-mail: mwilson@wrzlaw.com
Secondary e-mail: abenitez@wrzlaw.com
Attorney for Plaintiff